# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## DOCKET NO. 3:22-MC-0096-MOC-DSC

| | | |
|---|---|---|
| PHILIPS NORTH AMERICA LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MARTIN LITTLE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on non-party Robert Andrew Wheeler's "Motion to Quash Subpoena … and for Protective Order" (document # 1) filed June 3, 2022 as well as the parties' briefs and exhibits.

This Motion concerns a Subpoena issued from the United States District Court for the Eastern District of North Carolina in <u>Phillips North America LLC v. Martin Little</u>, No. 5:20-cv-00657-BO. The Subpoena was sought by Plaintiff's counsel in the underlying action. It commands non-party Wheeler to appear for a deposition.

Subpoenas issued to a non-party are governed by Federal Rule of Civil Procedure 45. Fed. R. Civ. P. 45; <u>see</u> Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."). Although a subpoena must be issued by the court where the underlying action is pending under Rule 45(a)(2), challenges to the subpoena are heard by the district court where compliance with the subpoena is sought. <u>In re Bayer Cropscience</u>, No. 5:16-MC-10-RJ, 2016 WL 7429201, at *2 (E.D.N.C. June 14, 2016). The court where compliance is sought may transfer a motion to the issuing court if the person subject

to the subpoena consents or if the court finds that there are "exceptional circumstances" warranting transfer. Fed. R. Civ. P. 45(f); Ellis v. Arrowood Indem. Co., No. 2:14-MC-00146, 2014 WL 4365273, at *2 (S.D. W. Va. Sept. 2, 2014).

In evaluating whether "exceptional circumstances" are present, the court considers a number of factors related to the underlying action. These factors include the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by the issuing court in the underlying action. See, e.g., XY LLC v. Trans Ova Genetics, L.C., 307 F.R.D. 10 (D.D.C. 2014) (finding exceptional circumstances where issuing court "has already supervised substantial discovery and begun preparations for trial"); Judicial Watch, Inc. v. Valle Del Sol, Inc., 307 F.R.D. 30, 34 (D.D.C. 2014) (noting that court should consider the complexity, procedural posture, duration of pendency, and nature of the issues pending before, or already resolved by the issuing court in the underlying action in determining whether exceptional circumstances are present in a case); Wultz v. Bank of China, Ltd., 304 F.R.D. 38 (D.D.C. 2014) (transferring subpoena-related motions in "highly complex" litigation where issuing court "is in better position to rule ... due to her familiarity with the full scope of issues involved as well as any implications the resolution of the motion will have on the underlying litigation" and to further "the interest in obtaining consistent rulings on the issues presented").

The underlying action is one of ten related cases filed by Plaintiff or its affiliates. Wheeler opposes the Subpoena on the grounds he has been deposed four times in related cases and given "substantial testimony" concerning Defendant Little. That testimony is available to Plaintiff in the underlying action. The crux of the subject Motion to Quash is whether that testimony sufficiently addresses the issues presented in the underlying action. Here the issuing court is better able to make that determination.

**IT IS THEREFORE IT IS ORDERED** that:

1. Robert Andrew Wheeler's "Motion to Quash Subpoena … and for Protective Order" (document # 1) is **TRANSFERRED** to the United States District Court for the Eastern District of North Carolina for consideration in the underlying action.

2. The Clerk is directed to send copies of this Order to counsel for the parties and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED**.

Signed: July 5, 2022

David S. Cayer
United States Magistrate Judge